1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT SEGALMAN,                No. 2:11-cv-01800-MCE-CKD

12           Plaintiff,

13       v.                          <u>MEMORANDUM AND ORDER</u>

14   SOUTHWEST AIRLINES CO.,

15           Defendant.

16                        ----oo0oo----

17

18       Plaintiff Robert Segalman ("Plaintiff") initiated this

19   action on July 8, 2011.  Presently before the Court are Defendant

20   Southwest Airline's ("Defendant") Motion to Dismiss Plaintiff's

21   First Amended Complaint ("Defendant's Motion") and Plaintiff's

22   Motion for Leave to File a Second Amended Complaint ("Plaintiff's

23   Motion").  For the following reasons, Plaintiff's Motion is

24   GRANTED and Defendant's Motion is DENIED as moot.[1]

25

26   _____

27       [1]  Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 230(g).

                                  1

**BACKGROUND**

According to Plaintiff, who has Cerebral Palsy and can neither walk nor talk aloud, he has been injured on multiple occasions by Defendant airline's improper stowage and transport of his power wheelchair during the course of his various flights. For example, in one instance, Plaintiff arrived at his destination terminal to find his chair's seat belt broken. Plaintiff subsequently fell out of the chair and broke his shin in two places.  On other occasions, Plaintiff's chair was returned to him with no power, so he was forced to utilize a manual wheelchair with the assistance of an attendant for extended periods of time.  Accordingly, by way of his currently operative First Amended Complaint ("FAC"), Plaintiff alleges three causes of action against Defendant for: 1) violation of the Air Carrier Access Act of 1986 ("ACAA"), 49 U.S.C. § 41705; 2) discriminatory practices in public accommodations, California Civil Code §§ 51, 52, 54, 54.1, 54.3; and 3) negligence.

Defendant has now moved to dismiss Plaintiff's FAC arguing first that Plaintiff's state law claims are preempted by the ACAA and, second, that Plaintiff has no private right of action under federal law.  Plaintiff opposed Defendant's Motion and filed his own Motion seeking leave to amend.  According to Plaintiff, "[w]hile it is true the ACAA preempts state law disability discrimination claims as to liability informing conduct and the standard of care as to negligence, it does not in _every_ instance preempt state law remedies."  Plaintiff's Opposition, 5:4-6 (emphasis in original).

1    Plaintiff thus "requests leave to amend to remove [those]
2    allegations, to remove the ACAA claim and to add an ADA claim."
3    Id., 5:8-9.  Plaintiff nonetheless still argues that "dismissal
4    of the state law remedies is improper."  Id., 5:9-10.

5        For its part, Defendant opposes Plaintiff's Motion "because
6    an amended pleading would be futile, and the complaint would be
7    subject to dismissal."  Defendant's Opposition, 2:12-13.  More
8    specifically, Defendant contends Plaintiff's state law claims as
9    alleged in the proposed SAC, like those in the FAC, are still
10   preempted by the ACAA and that airlines are excluded from the
11   ADA's reach.  Id., 2:13-18.  For the following reasons, the Court
12   rejects Defendant's arguments as premature and hereby GRANTS
13   Plaintiff's Motion.

14

15                           **ANALYSIS**

16

17       "The court should freely give leave [to amend] when justice
18   so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be
19   applied with extreme liberality."  Eminence Capital, LLC v.
20   Aspeon, Inc., 316 F.3d 1048, 1051 (internal citations and
21   quotations omitted).  Indeed, absent "undue delay, bad faith or
22   dilatory motive on the part of the movant,...undue prejudice to
23   the opposing party by virtue of allowance of the amendment, [or]
24   futility of the amendment...," leave to amend should be granted.
25   Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital,
26   316 F.3d at 1052 (listing the Foman factors as those to be
27   considered when deciding whether to grant leave to amend).
28   ///

                               3

1    Denying leave to amend is proper only if it is clear that "the

2    complaint could not be saved by any amendment." Intri-Plex

3    Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.

4    2007) (internal citations and quotations omitted).

5        Having considered all of the above factors, the Court now

6    holds that leave to amend is warranted.  First, there is no

7    evidence before the Court, nor does Defendant argue, that

8    Plaintiff filed his instant Motion in bad faith or with a

9    dilatory motive.  In addition, the fact Plaintiff's claims are of

10   great import not just to him but to the public further supports

11   granting leave to amend here.  Moreover, given that this

12   litigation is in its infancy, Defendant will suffer no prejudice

13   if Plaintiff is permitted to amend.  Perhaps recognizing as much,

14   Defendant's only argument in opposition to Plaintiff's Motion is

15   that amendment would be futile.  See Plaintiff's Opposition,

16   7:2-5.  This Court is unwilling, however, to make that

17   determination on less than a full record.  Accordingly, for the

18   reasons just stated, Plaintiff's Motion to Amend is GRANTED.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

**CONCLUSION**

    For the reasons just stated, Plaintiff's Motion to Amend
(ECF No. 17) is GRANTED, and Defendant's Motion to Dismiss (ECF
No. 16) is DENIED as moot.  Plaintiff shall file his Second
Amended Complaint not later than five (5) days following the date
this Memorandum and Order is electronically filed.

    IT IS SO ORDERED.

Dated: June 19, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE