1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT SEGALMAN,                     No. 2:11-cv-01800-MCE-CKD

12              Plaintiff,

13       v.                                MEMORANDUM AND ORDER

14    SOUTHWEST AIRLINES CO.,

15              Defendant.

16                               ----oo0oo----

17

18       Plaintiff Robert Segalman ("Plaintiff") initiated this

19    action on July 8, 2011.  Presently before the Court are Defendant

20    Southwest Airline's ("Defendant") Motion to Dismiss Plaintiff's

21    First Amended Complaint ("Defendant's Motion") and Plaintiff's

22    Motion for Leave to File a Second Amended Complaint ("Plaintiff's

23    Motion").  For the following reasons, Plaintiff's Motion is

24    GRANTED and Defendant's Motion is DENIED as moot.[1]

25

26

27        [1]  Because oral argument will not be of material assistance,
      the Court orders this matter submitted on the briefs.  E.D. Cal.
28    Local Rule 230(g).

                                    1

1                              **BACKGROUND**

2

3          According to Plaintiff, who has Cerebral Palsy and can

4   neither walk nor talk aloud, he has been injured on multiple

5   occasions by Defendant airline's improper stowage and transport

6   of his power wheelchair during the course of his various flights.

7   For example, in one instance, Plaintiff arrived at his

8   destination terminal to find his chair's seat belt broken.

9   Plaintiff subsequently fell out of the chair and broke his shin

10  in two places.  On other occasions, Plaintiff's chair was

11  returned to him with no power, so he was forced to utilize a

12  manual wheelchair with the assistance of an attendant for

13  extended periods of time.  Accordingly, by way of his currently

14  operative First Amended Complaint ("FAC"), Plaintiff alleges

15  three causes of action against Defendant for: 1) violation of the

16  Air Carrier Access Act of 1986 ("ACAA"), 49 U.S.C. § 41705;

17  2) discriminatory practices in public accommodations, California

18  Civil Code §§ 51, 52, 54, 54.1, 54.3; and 3) negligence.

19         Defendant has now moved to dismiss Plaintiff's FAC arguing

20  first that Plaintiff's state law claims are preempted by the ACAA

21  and, second, that Plaintiff has no private right of action under

22  federal law.  Plaintiff opposed Defendant's Motion and filed his

23  own Motion seeking leave to amend.  According to Plaintiff,

24  "[w]hile it is true the ACAA preempts state law disability

25  discrimination claims as to liability informing conduct and the

26  standard of care as to negligence, it does not in _every_ instance

27  preempt state law remedies."  Plaintiff's Opposition, 5:4-6

28  (emphasis in original).

1   Plaintiff thus "requests leave to amend to remove [those]

2   allegations, to remove the ACAA claim and to add an ADA claim."

3   Id., 5:8-9.  Plaintiff nonetheless still argues that "dismissal

4   of the state law remedies is improper."  Id., 5:9-10.

5        For its part, Defendant opposes Plaintiff's Motion "because

6   an amended pleading would be futile, and the complaint would be

7   subject to dismissal."  Defendant's Opposition, 2:12-13.  More

8   specifically, Defendant contends Plaintiff's state law claims as

9   alleged in the proposed SAC, like those in the FAC, are still

10  preempted by the ACAA and that airlines are excluded from the

11  ADA's reach.  Id., 2:13-18.  For the following reasons, the Court

12  rejects Defendant's arguments as premature and hereby GRANTS

13  Plaintiff's Motion.

14

15                          **ANALYSIS**

16

17       "The court should freely give leave [to amend] when justice

18  so requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be

19  applied with extreme liberality."  Eminence Capital, LLC v.

20  Aspeon, Inc., 316 F.3d 1048, 1051 (internal citations and

21  quotations omitted).  Indeed, absent "undue delay, bad faith or

22  dilatory motive on the part of the movant,...undue prejudice to

23  the opposing party by virtue of allowance of the amendment, [or]

24  futility of the amendment...," leave to amend should be granted.

25  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital,

26  316 F.3d at 1052 (listing the Foman factors as those to be

27  considered when deciding whether to grant leave to amend).

28  ///

                              3

1   Denying leave to amend is proper only if it is clear that "the

2   complaint could not be saved by any amendment." Intri-Plex

3   Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.

4   2007) (internal citations and quotations omitted).

5        Having considered all of the above factors, the Court now

6   holds that leave to amend is warranted.  First, there is no

7   evidence before the Court, nor does Defendant argue, that

8   Plaintiff filed his instant Motion in bad faith or with a

9   dilatory motive.  In addition, the fact Plaintiff's claims are of

10  great import not just to him but to the public further supports

11  granting leave to amend here.  Moreover, given that this

12  litigation is in its infancy, Defendant will suffer no prejudice

13  if Plaintiff is permitted to amend.  Perhaps recognizing as much,

14  Defendant's only argument in opposition to Plaintiff's Motion is

15  that amendment would be futile.  See Plaintiff's Opposition,

16  7:2-5.  This Court is unwilling, however, to make that

17  determination on less than a full record.  Accordingly, for the

18  reasons just stated, Plaintiff's Motion to Amend is GRANTED.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

    For the reasons just stated, Plaintiff's Motion to Amend (ECF No. 17) is GRANTED, and Defendant's Motion to Dismiss (ECF No. 16) is DENIED as moot.  Plaintiff shall file his Second Amended Complaint not later than five (5) days following the date this Memorandum and Order is electronically filed.

    IT IS SO ORDERED.

Dated: June 19, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE