UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SEGALMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>　　　　Defendant. | No. 2:11-cv-01800-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Robert Segalman ("Plaintiff") alleges several causes of action against Defendant Southwest Airlines ("Defendant") based on Defendant's alleged improper handling of Plaintiff's electronic wheelchair. On October 24, 2012, the Court dismissed Plaintiff's Second Amended Complaint without leave to amend. ECF No. 36. The United States Court of Appeals for the Ninth Circuit subsequently affirmed in part, vacated in part, and remanded the action. ECF No. 43.

Plaintiff has filed a Third Amended Complaint ("TAC"). ECF No. 47. Pending before the Court is Defendant's Motion to Dismiss the TAC and Motion to Strike ("Motion"). ECF No. 51. Plaintiff filed an Opposition (ECF No. 52), and Defendant filed a Reply (ECF No. 53). For the reasons that follow, Defendant's Motion is GRANTED in part and DENIED in part.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this

1

# BACKGROUND[2]

Plaintiff has cerebral palsy and can neither walk nor talk. He uses a motorized wheelchair with an attached seatbelt. In 2009, Defendant "broke his wheelchair armrest." TAC at ¶ 9.

On March 24, 2010, the wheelchair seatbelt was intact when Plaintiff left the wheelchair at the gate and boarded a Southwest airplane. The seatbelt was missing, however, when Defendant returned the wheelchair. Plaintiff was not able to make an appointment to replace the seatbelt until March 31, 2010. The day before the scheduled appointment, Plaintiff fell out of the wheelchair because the seatbelt was not attached; as a result, Plaintiff broke his shin in two places and spent four days in the hospital.

On August 15, 2010, the wheelchair was again in working condition when Plaintiff left it at the gate and boarded a Southwest airplane. However, "[a] cable coming out of the joystick to charge the chair had been pulled out of place sometime after its delivery to Southwest Airlines . . . ." Id. at ¶ 11. As a result of that damage, the wheelchair did not have power when Defendant returned it to Plaintiff.

The TAC identifies four causes of action: (1) a violation of the Air Carrier Access Act ("the ACAA"), 49 U.S.C. § 41705; (2) violations of "California Accessibility Laws";[3] (3) negligence; and (4) a violation of California's Unfair Competition Law, California Business and Professions Code section 17200 et seq. Defendant seeks dismissal of the first, second, and fourth causes of action pursuant to Federal Rule of Civil Procedure

///

---

matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

[2] This statement of facts is based entirely on the allegations in Plaintiff's TAC. ECF No. 47.

[3] Plaintiff's second cause of action includes the following claims: (1) Defendant denied him full and equal access to Defendant's goods, services, facilities, privileges, advantages, or accommodations in violation of California Civil Code section 54 and 54.1; (2) Defendant "failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures" under California Civil Code section 54.1; and (3) Defendant discriminated against Plaintiff in violation of California Civil Code sections 51, 52, and 54.1.

12(b)(6).[4]  Defendant also requests that the Court strike portions of the TAC pursuant to Rule 12(f).

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Id. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

---

[4] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

3

1 of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan
2 Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts
3 to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have
4 not nudged their claims across the line from conceivable to plausible, their complaint
5 must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it
6 strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery
7 is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236
8 (1974)).

9     A court granting a motion to dismiss a complaint must then decide whether to
10 grant leave to amend.  Leave to amend should be "freely given" where there is no
11 "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
12 to the opposing party by virtue of allowance of the amendment, [or] futility of the
13 amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
14 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
15 be considered when deciding whether to grant leave to amend).  Not all of these factors
16 merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
17 carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
18 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that
19 "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Grp,
20 Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
21 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
22 1989) ("Leave need not be granted where the amendment of the complaint . . .
23 constitutes an exercise in futility . . . .")).
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

**A. First Cause of Action**

Defendant seeks dismissal of Plaintiff's first cause of action on the ground that the ACAA does not provide a private right of action. The Court examined that argument in the order dismissing the Second Amended Complaint and concluded that there was no private right of action under the ACAA. See ECF No. 36 at 10-12. In his Opposition, Plaintiff emphasizes the legislative history of the law and suggests that the ACAA, like other disability civil rights laws, provides an implied private right of action. But neither Plaintiff's Opposition nor the Court's independent research indicates there is any reason to deviate from the Court's previous analysis and conclusion. Additionally, even if the ACAA provided a private right of action, Plaintiff has again failed to plead exhaustion of administrative remedies.

Thus, because there is no private right of action under the ACAA and because Plaintiff has failed to plead exhaustion of administrative remedies, Plaintiff's first cause of action is DISMISSED. Because granting leave to amend would constitute an exercise in futility, the dismissal is without leave to amend.

**B. Second Cause of Action**

Plaintiff's second cause of action consists of three claims under "California Accessibility Laws," specifically the Unruh Civil Rights Act ("Unruh Act") and the Disabled Persons Act. Defendant argues that the second cause of action should be dismissed on the ground that the ACAA preempts Plaintiff's claims under the Unruh Act and the Disabled Persons Act. Although the Court does not find that argument persuasive, dismissal of the second cause of action is nonetheless appropriate.

///
///
///
///

In the Memorandum remanding this action, the Ninth Circuit explained:

> ACAA regulations are pervasive in prescribing how air carriers must stow and care for wheelchairs, and a handful of regulations directly address the specific areas of air carrier service at issue in Plaintiff's allegations. . . . These pervasive federal regulations preempt state-law standards of care (or standards of discrimination) for Plaintiff's state-law negligence and statutory claims.

ECF No. 43 at 3 (internal citations omitted).  The panel, however, remanded as to "whether California law provides remedies under the Unruh Act, Disabled Persons Act, and common law of negligence in situations in which, due to preemption, federal regulations provide the standard of care (or standard of discrimination)." Id. at 4.

Defendant argues this Court should answer that question in the negative. Defendant suggests that if the Court were to hold otherwise, "any violation of ACAA regulations could be found to constitute a violation of the Unruh Act or [Disabled Persons Act], and could entitle[] a plaintiff to recover the remedies provided under those statutes." ECF No. 51-1 at 8.  Plaintiff disagrees, arguing that "[a]ll state remedies are allowed" and that he "may recover remedies under the Unruh Act and the [D]isabled [P]erson[s] [A]ct but must use the standard of care defining discrimination under the ACAA . . . ." ECF No. 52 at 22.

The Court first notes that, generally, "federal regulation of a subject—even thoroughgoing federal regulation—does not prevent states from adding remedies to the arsenal established by federal law." Radici v. Associated Ins. Companies, 217 F.3d 737, 742 (9th Cir. 2000) (quoting NAACP v. American Family Mutual Ins. Co., 978 F.2d 287, 296 (7th Cir. 1992).  Consistent with that general principle, the Ninth Circuit found in Gilstrap v. United Air Lines, "[t]he ACAA does not, however, preempt any state remedies that may be available when airlines violate those standards."  709 F.3d 995, 1010 (9th Cir. 2013).  That conclusion was based on, inter alia, the observation that "[t]he [Federal Aviation Act's] savings clause and its liability insurance requirement, both of which cover the ACAA, suggest that Congress did not intend any of the FAA administrative enforcement schemes to be exclusive of state-law remedies."  Id.  Such

reasoning suggests that California law does provide remedies under the Unruh Act, Disabled Persons Act, and common law of negligence in situations in which federal regulations provide the standard of care or standard of discrimination.

Nevertheless, the Court must dismiss Plaintiff's second cause of action. A violation of the Unruh Act may be maintained independent of an Americans with Disabilities Act ("ADA") claim[5] only when the plaintiff pleads intentional discrimination in public accommodations. See Greater L.A. Agency on Deafness, Inc. v. CNN, Inc., 742 F.3d 414, 427 (9th Cir. 2014) ("the Unruh Act requires a showing of willful, affirmative misconduct to establish intentional discrimination"). Here, the TAC fails to state a claim under the Unruh Act because there is no allegation that Defendant engaged in intentional discrimination. Similarly, an independent Disabled Persons Act claim requires a showing that accessibility regulations promulgated under California law exceed those set by the ADA, and Plaintiff has not made that showing. See Cullen v. Netflix, Inc., 880 F. Supp. 2d 1017, 1025 (N.D. Cal. July 13, 2012).

Plaintiff's second cause of action is therefore DISMISSED. The dismissal is with leave to amend.

### C. Fourth Cause of Action

Plaintiff's fourth cause of action, a claim under California's Unfair Competition Law, is based on his Unruh Act and Disabled Persons Act claims. Because Plaintiff has not adequately pled his Unruh Act and Disabled Person Act claims, his Unfair Competition Law must also be DISMISSED. The dismissal is with leave to amend.

### D. Motion to Strike

Defendant's Motion to Dismiss includes a Motion to Strike pursuant to Rule 12(f). See ECF No. 51 at 10-11. The Motion identifies the specific phrases that Defendant argues should be stricken from the TAC (e.g., "various federal statutes," "fear of physical

///

---

[5] Although a violation of the ADA is by definition a violation of the Unruh Act, the Ninth Circuit affirmed the dismissal of the ADA claim in Plaintiff's Second Amended Complaint and the TAC does not include an ADA claim.

injury," and statements in the demand for judgment for relief related to the dismissed causes of action).

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court declines to exercise its discretion under Rule 12(f) to strike the provisions identified in Defendant's Motion.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 51) is DENIED to the extent it requests that the Court strike various portions of Plaintiff's Third Amended Complaint ("TAC"). However, Defendant's Motion is GRANTED to the extent it seeks dismissal of the first, second, and fourth causes of action in the TAC. The dismissal of the first cause of action is without leave to amend, and the dismissal of second and fourth causes of action is with leave to amend.

Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file a Fourth Amended Complaint. If Plaintiff does not file an amended complaint, this case will proceed on the third cause of action in the TAC.

IT IS SO ORDERED.

Dated: January 11, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT